```
WILLIAM R. TAMAYO - #084965 (CA)
DAVID OFFEN-BROWN - #063321 (CA)
RAYMOND T. CHEUNG - #176086 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260
Telephone No. (415) 625-5649
Facsimile No. (415) 625-5657
raymond.cheung@eeoc.gov
```

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>AMELCO ELECTRIC SAN FRANCISCO AND AMELCO CORPORATION,<br><br>  Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br>Civil Rights<br> – Employment Discrimination<br> – Class Action<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, national origin, sex and religion and to provide appropriate relief to Carl McNair and similarly situated individuals who were adversely affected by such practices. As alleged below, defendants, Amelco Electric San Francisco and Amelco Corporation subjected Mr. McNair and others to a hostile work environment because of their race, national origin, sex and religion. Defendants also subjected Mr. McNair and the class of similarly situated individual to disparate treatment and/or termination because of their race, national origin, sex and religion. Finally, Defendants terminated Mr. McNair in retaliation for his complaints of discrimination.

COMPLAINT

...

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within San Francisco County which is within the jurisdiction of the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This case is appropriate for assignment to San Francisco because the unlawful employment practices alleged were and are being committed within San Francisco County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, Amelco Electric San Francisco, has continuously been doing business in the State of California and the City and County of San Francisco and have continuously had at least fifteen employees.

6. At all relevant times, Defendant, Amelco Corporation, has continuously been doing business in the State of California and the City and County of San Francisco and have continuously had at least fifteen employees.

7. At all relevant times, Amelco Electric San Francisco and Amelco Corportation ("Defendant Employers") have continuously been employers engaged in an industry affecting commerce within the meaning of section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

///

///

COMPLAINT

STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Carl McNair filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least January 2002, Defendant Employers have engaged in unlawful practices at their San Francisco, California work site in violation of section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a). These practices include subjecting Mr. McNair and other similarly situated employees to harassment and to an offensive, abusive, intimidating and hostile work environment based on their race, national origin, sex and religion. Defendants also subjected Mr. McNair and the class of similarly situated individual to disparate treatment and/or termination because of their race, national origin, sex and religion.

10. Since at least January 2002, Defendant Employers have engaged in unlawful practices at their San Francisco, California work site in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices include terminating Mr. McNair in retaliation for his complaints of discrimination.

11. The effect of the practices complained of above has been to deprive Carl McNair and others of equal employment opportunities and otherwise to adversely affect their status as an employee because of their race, national origin, sex and/or religion.

12. The unlawful employment practices complained of above were and are intentional.

13. The unlawful employment practices complained of above were and are done with malice and/or reckless disregard for the federally protected rights of Carl McNair and other similarly situated individuals.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment and retaliation, and any other employment practice which discriminates on the basis

COMPLAINT

1  of race, national origin, sex and religion.

2      B.    Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for racial and religious minority and/or female employees and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Employers to make whole Carl McNair and other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, with interest, in amounts to be determined at trial.

    D.    Order Defendant Employers to make whole Carl McNair and other similarly situated individuals by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant Employers to pay Carl McNair and other similarly situated individuals punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems proper.

    G.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

COMPLAINT

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1801 L Street, N.W.
Washington, DC 20507

Dated: _____

WILLIAM R. TAMAYO
Regional Attorney

Dated: _____

DAVID OFFEN-BROWN
Supervisory Trial Attorney

Dated: _____

RAYMOND T. CHEUNG
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

COMPLAINT