WILLIAM R. TAMAYO - #084965 (CA)
DAVID OFFEN-BROWN - #063321 (CA)
RAYMOND T. CHEUNG - #176086 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone: (415) 625-5649
Facsimile: (415) 625-5657
raymond.cheung@eeoc.gov

Attorneys for Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DAVID B. SIMPSON
WOLFLICK & SIMPSON
180 North Brand Boulevard, Suite 410
Glendale, Califonia 91203
Telephone: (818) 243-8300
Facsimile: (818) 243-0122
dave@wolfsim.com

Attorneys for Defendants AMELCO ELECTRIC S. F., INC. and AMELCO CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | Case No. C 05-2492 MEJ |
| v. | JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER |
| AMELCO ELECTRIC SAN FRANCISCO, INC. and AMELCO CORPORATION, Defendant. | Date: October 20, 2005<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 15th Floor |

Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") and Defendants AMELCO ELECTRIC S.F., INC. and AMELCO CORPORATION ("Amelco") to

the above-entitled action submit this Joint Case Management Statement and Proposed Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R.16-10(b).

## JOINT CASE MANAGEMENT STATEMENT

A. Description of the case:

1. A brief description of the events underlying the action:

For Plaintiff: This is an action brought under Title VII of the Civil Rights Act of 1964, as amended. The EEOC filed this suit on behalf of Carl McNair and a class of similarly situated individuals, alleging that Carl McNair and class members were electricians working at various sites for Amelco when they were subjected to harassing comments and/or disparate treatment due to their race, gender and national origin. Mr. McNair was terminated in retaliation when he complained of discriminatory behavior. The class members were also terminated or eventually laid off while less qualified white male comparators were retained. McNair complained of harassment on the basis of his race, African-American, and of harassment of coworkers/class members on the basis of their race, gender and ethnicity.

For Defendants: Defendant is not certain as of this writing what individuals, other than Mr. Carl McNair, this action is being brought on behalf of. As to Mr. McNair, however, Defendants state that he was not discriminated against, and was not unlawfully harassed or retaliated against. Nor, to Defendants' knowledge, were any other employees of Amelco Electric S.F., Inc. ("AESF") unlawfully discriminated against, harassed and/or retaliated against. Further, Amelco Corporation, the corporate parent of AESF and a legally distinct and separate entity from AESF, is not a proper defendant for this case, as Amelco Corporation never employed Mr. McNair, or any other employees suspected of potentially being named by the EEOC as plaintiff/employees in this case.

2. The principal factual issues which the parties dispute:

A. Who this case is brought on behalf of.

B. All fact issues necessary for resolving the legal issues set forth below.

C. Any fact issues incorporated within, or erroneously stated below as, a disputed issue of law.

3. The principal legal issues which the parties dispute:

A. Whether any plaintiff/employees were subjected to unlawful harassment because of their race, national origin, gender and/or religion in violation of Title VII.

B. Whether any plaintiff/employees were subjected to unlawful discrimination because of their race, national origin, gender and/or religion in violation of Title VII.

C. Whether any plaintiff/employees were subjected to unlawful retaliation in violation of Title VII.

D. Whether any plaintiff/employees were legally damaged by any violation of Title VII, and if so, in what amount.

E. Whether Defendant Amelco Corporation is, or is not, a proper party defendant to this action.

F. Whether the EEOC fulfilled all necessary administrative, statutory, and other prerequisites for filing/pursuing this action against Amelco Corporation.

G. Whether the EEOC fulfilled all necessary administrative, statutory, and other prerequisites for filing/pursuing this action at all, or as respects any individual claim or component.

H. Any legal issues incorporated within, or erroneously stated above as, a disputed issue of fact.

4. Other issues [e.g., *service of process, personal jurisdiction, subject matter jurisdiction or venue*] which remain unresolved for the reason stated below and the parties' proposed resolution:

(A) Defendants contend, and Plaintiff disputes, that there may be a subject matter jurisdiction issue in this case. Defendants state that if, and to the extent, Plaintiff EEOC failed to fulfill all statutory prerequisites to pursuing this action, such as potentially having failed to engage in sufficient good faith, pre-filing conciliation with Amelco Corporation and/or AESF, such failure might constitute a subject matter jurisdictional defect. Defendants are conducting investigation, discovery and legal research on this issue, and will file an appropriate motion on this issue if and to the extent the evidence and law warrant.

(B) Defendants assert that EEOC failed to separately name Defendant Amelco Corporation in any EEOC Charge, and if and to the extent EEOC was required to do so in order to pursue Amelco Corporation in this action, its failure to do so might constitute another subject matter jurisdictional defect. Defendant is conducting investigation, discovery and legal research on this issue, too, and will file an appropriate motion if and to the extent the evidence and law warrant.

5. The parties who have not been served and the reason for said lack of service:

None.

6. The additional parties whom the below-specified parties intend to join and the intended time frame for such joinder:

For Plaintiff and for Defendants: None.

B. <u>Consent to Magistrate Judge for Trial</u>:

The parties have all consented to assignment of this case to a United States Magistrate Judge for trial.

C. Alternative Dispute Resolution:

The parties have discussed the matter and request the following court ADR process: Mediation.

**~~[PROPOSED]~~ CASE MANAGEMENT ORDER**

Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management conference on October 20, 2005 and ORDERS as follows:

A. ADR Program:

1. The parties are hereby referred to mediation.

2. The parties shall file their ADR certification by the date assigned by the initial case management schedule received from the Clerk of the Court, pursuant to Civil L.R. 16-8.

B. Jury or Court Trial:

1. Plaintiff requests a jury trial. Defendant requests a ________ trial

The Court shall conduct a jury trial.

C. Pretrial Motions:

1. All pretrial motions shall be filed in accordance with Civil L.R. 7. A motion shall be noticed pursuant to Civil L.R. 7-2 without calling the Court. Civil law and motion is heard on Thursday mornings at 10:00 a.m.

D. Discovery:

1. The parties shall abide by Judge James' standing order regarding discovery and dispute procedures.

E. Disclosure of Expert Witnesses:

1. Any party wishing to present expert witness testimony with respect to a claim or defense shall serve on all other parties the name, address, qualifications, resume, and a written report which complies with Federal Rule of Civil Procedure 26(a)(2)(B) on or before July 31, 2006 (210

days before trial).

2. This disclosure must be made with respect to a person who is either (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3. A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).

F. Rebuttal Expert Witnesses:

1. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than Aug 10, 2006 (200 days before the trial).

G. Limitation on Testimony by Expert Witnesses:

1. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.

2. Unless application is made prior to the close of expert discovery, each party is limited to calling only one expert witness in each discipline involved in the case.

3. Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion in limine to exclude the testimony no later than the deadline set in this order for

filing motions in limine.

H. Close of Discovery:

1. All discovery, including depositions of expert witnesses, must be completed by Aug 25, 2006 (185 days before trial).

2. Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cutoff date are not enforceable except by order of the Court and upon a showing of good cause.

3. Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the discovery cut-off date.

I. Dispositive Motions:

1. Pursuant to Civil L.R. 7-2, all dispositive motions shall be filed, served and noticed by Sep 21, 2006 (155 days prior to trial). The parties shall file a joint statement of undisputed facts pursuant to Civil L.R. 56-2(b) when filing a motion for summary judgment or summary adjudication.

2. The Court shall hear dispositive motions on Oct 26, 2006 ( 120 prior days to trial, during the Court's Thursday law and motion calendar) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California.

J. Exchange and filing of Trial Papers:

1. By Dec 28, 2006 (60 days before trial) lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange (but not file or lodge) the papers described in paragraph 2 below.

2. By Jan 12, 2007 ( 45 days before trial) counsel shall file the papers described in Federal Rule of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

(A) Substance of the Action: A brief description of the substance of

claims and defenses which remain to be decided.

(B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(E) Agreed Statement: A statement assessing whether all or part of the action maybe presented upon an agreed statement of facts.

(F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates and an estimate of the time required for direct and cross examination of each prospective witness.

(H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list shall list each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial.

(I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.

(J) Settlement: A statement summarizing the status of the parties' settlement negotiations.

No party shall be permitted to offer any witness or exhibit in its case in chief that is not disclosed in its witness or exhibit list without leave of the Court for good cause shown.

3. Motions in limine: Counsel are directed to meet and confer to resolve any evidentiary disputes prior to filing motions in limine. Any motions in limine shall be filed Jan 12, 2007 (45 days prior to trial). Any Opposition to motions in limine shall be filed Jan 19, 2007 (38 days prior to trial). These matters will be deemed submitted on the papers without oral argument, unless the Court orders otherwise.

4. Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, all significant disputed issues of law, including foreseeable procedural and evidentiary issues by Jan 26, 2007 (30 days prior to trial).

5. Joint Proposed Voir Dire (Jury Trial Only): Counsel should submit a joint set of requested voir dire to be posed by the Court by Jan 26, 2007 (30 days prior to trial). Any voir dire questions on which counsel cannot agree shall be submitted separately by Jan 26, 2007 (30 days prior to trial). Counsel will be allowed brief follow-up voir dire after the Court's questioning.

6. Joint Proposed Jury Instructions (Jury Trial Only): Jury instructions § 1.01 through § 2.02 and § 3.01 through § 3.15 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1998 Edition) will be given absent objection. Counsel shall submit a joint set of additional proposed jury instructions by Jan 26, 2007 (30 days prior to trial). . The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be

included as part of the joint submission, on separate sheets directly following the disputed instruction. The Court prefers that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit. If possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect format. The disk label shall include the name of the parties, the case number and be entitled "Proposed Jury Instructions." At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

7. Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall submit any joint proposed verdict forms and shall submit their separate verdict forms by Jan 26 2007 (30 days prior to trial). Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed verdict forms on a computer disk in WordPerfect. The disk label shall include the name of the parties, the case number and be entitled "Proposed Verdict Forms."

8. Proposed Findings of Fact and Conclusions of Law (Court Trial Only): Counsel shall submit joint proposed findings of facts by Jan 26, 2007 (30 days prior to trial). Counsel shall submit separately a copy of their disputed findings of fact and conclusions of law by Jan 26. 2007 (30 days prior to trial). Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed findings of fact on a computer disk in WordPerfect. The disk label shall include the name of the parties, the case number and be entitled "Joint Proposed Findings of Facts."

K. Pretrial Conference:

1. On January 25, 2007 (30 days prior to trial, during the Court's Thursday law and motion calendar is held on Thursdays) the Court shall hold a pretrial conference at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case must attend the pretrial conference. The purpose of the

pretrial conference is for the Court to rule on any issues raised in the final pretrial conference statement, motions in limine, and to discuss the trial of the case.

L. Final Pretrial Conference:

1. On February 22 2007 (4 days prior to trial, during the Court's Thursday law and motion calendar) the Court shall hold a final pretrial conference to address any outstanding trial issues.

M. Trial Date:

1. The trial shall commence [with jury selection taking place] on **February 26, 2007**. (Trial schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.). The trial shall last 12 days.

2. For any documents, including the deposition of a witness testifying at trial, which will be shown presented to a witness but will not be admitted into evidence, counsel shall bring the original plus three clean copies of the documents. The original document will be handed to the Court during testimony, and the clean copies of the document will be given to the witness during the examination and to opposing counsel.

3. Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags stapled to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. The Court will only admit premarked exhibits which were listed on the earlier filed exhibit list. Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically. The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4. On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked exhibits for opposing counsel and two binders which contain a

copy of each side's premarked exhibits for the Court. The premarked exhibit binders are to be designated with label dividers. The premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

N. Jury Selection:

1. The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called. Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made. The Court will then take cause challenges, and discuss hardship claims from the individual jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk. Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury. All jurors remaining at the close of the case will deliberate. There are no alternates.

O. Sanctions:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

P. Transcripts:

Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date. If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear

security.

Q. Questions:

All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: October 12, 2005.

By **/s/ Raymond T. Cheung**
RAYMOND T. CHEUNG
Attorneys for Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

WOLFLICK & SIMPSON

Dated: October 12, 2005.

By **/s/ David Simpson**
DAVID SIMPSON
Attorneys for Defendants AMELCO ELECTRIC SAN FRANCISCO, INC. and AMELCO CORPORATION

IT IS SO ORDERED.

Dated: October 13, 2005

HON. MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT
IT IS SO ORDERED
Judge Maria-Elena James
NORTHERN DISTRICT OF CALIFORNIA